UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH LAW ENFORCEMENT DISTRICT, as operator of PLAQUEMINES PARISH SHERIFF'S DETENTION CENTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11368** |
| **RSUI INDEMNITY COMPANY AND LANDMARK AMERICAN INSURANCE COMPANY** | **SECTION "T"(3)** |

Before the Court is a Motion To Bifurcate Trial (Document 22) filed on behalf of the Defendants, RSUI Indemnity Company ("RSUI") and Landmark American Insurance Company ("Landmark"). The parties waived oral argument and the matter was taken under submission on November 28, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I.   BACKGROUND**

The plaintiff, Plaquemines Parish Law Enforcement District, as operator of the Plaquemines Parish Sheriff's Detention Center (the "prison"), is a political subdivision of the

State of Louisiana.  On August 29, 2005, the prison was located at 16489 Highway 39, Point-a-la-Hache in the Parish of Plaquemines.  At that time, the plaintiff maintained an insurance policy on the prison issued by RSUI and/or Landmark (Policy No. LHD341854).  The plaintiff has alleged that the prison and its contents "were damaged and/or destroyed by the winds and rains associated with Hurricane Katrina and/or by the winds and rains associated with the weather systems of Hurricane Katrina," and that such perils and losses were covered by the above-referenced insurance policy.  The plaintiff has further alleged that RSUI and Landmark's denial of the these claims amounts to bad faith for which plaintiffs seek an award of damages and penalties under the applicable Louisiana statutes, LSA-RS 22:658 and 22:1220.

The defendants, arguing that they would be unfairly prejudiced if the jury were to hear the evidence regarding their bad faith, request that this Court bifurcate the issue of coverage liability from plaintiff's bad faith claims.  The plaintiffs, in response, assert that judicial economy will not be served by a bifurcation of these two issues and request that this Court exercise its discretion and deny the defendant's Motion to Bifurcate Trial.

## II.     LAW AND ANALYSIS OF THE COURT

Rule 42(b) of the Federal Rules of Civil Procedure allows for the bifurcation claims at trial. The rule provides as follows:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

The authority to grant separate trial for separate issues rests within the discretion of the District Court.  Ammesmaki v. Interlake S. S. Co., 342 F.2d 627 (7th Cir. 1965); Chicago, R.I. & P.R. Co. v. Williams, 245 F.2d 397 (8th Cir. 1957), certiorari denied 78 S.Ct. 83, 355 U.S. 855, 2 L.Ed.2d 63; Bowie v. Sorrell, 209 F.2d 49 (4th Cir. 1953).  In fact, the Eastern District of Louisiana has previously held, "[w]hether to bifurcate a trial . . . is always a question committed to the sound discretion of the trail court, and the court is expected to exercise its discretion on a case-by-case basis."  Laitram Corp. v. Hewlett-Packard Co., 791 F.Supp. 113, 114 (E.D.La. 1992).  The Court further held that separate trials should be the exception, not the rule.  Id.

In this matter, the defendants seek to bifurcate the issue of plaintiff's bad faith claims in order to prevent prejudicing the jury.  This issue has been addressed by other Courts in this district, which have rejected bifurcation of bad faith in Katrina litigation cases.

In Ferguson v. State Farm Ins. Co., 2007 WL 102127 *1, 06-3936 (E.D. La. 1/9/07), Judge Berrigan held that, "[a]ny prejudice, however, would not be substantial enough to warrant separate trials and would not be judiciously expeditious."  Further, she noted that, "[i]t was not this Court's custom to order bifurcation in such insurance cases before the storm, and judicial resources are being strained to accommodate the record number of suits filed after the storm."  Id.

In Peace Lake Towers, Inc. v. Indian Harbor Ins. Co., 2007 WL 925845 *3, 06-4522, 06-5136 (E.D. La. 3/23/07), Judge Vance, rejecting a Rule 42(b) bifurcation request on the issues of coverage and bad faith, stated that "[a]ny prejudice to Indian Harbor that could result from the

joint trial of the claims of coverage and bad faith can be cured by appropriate instructions to the jury." Judge Vance went on to state that evidence on the coverage issues and the defenses to them is likely to be interwoven with the claims handling issues.  Id.

Although the defendants assert that different issues and different witnesses support bifurcation, duplicative trials would unecessarily burden the Court's already overcrowded docket.  The Court does not believe that the defendant's right to a fair trial is in jeopardy, as any potential prejudice to the defendant can be cured by the proper jury instructions.  The Court finds that judicial economy will not be served by segregating the bad faith claims from the coverage issues  and, as such, defendant's Motion to Bifurcate Trials is DENIED.

Accordingly,

**IT IS ORDERED** that the Motion Bifurcate Trial, filed on behalf of the Defendants, RSUI Indemnity Company and Landmark American Insurance Company, be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of December, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE